UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

TREVON from the Family of Thom,

                Plaintiff,

v.

THE FAMILY COURT of the State of New York Kings County,

                Defendant.

**MEMORANDUM & ORDER**
24-CV-07337 (HG) (LB)

---

**HECTOR GONZALEZ**, United States District Judge:

    On October 31, 2024, the Court ordered *pro se* Plaintiff to show cause why this case should not be dismissed without prejudice for lack of subject-matter jurisdiction. *See* ECF No. 8. In that Order, the Court explained that Defendant was immune from suit under the doctrine of state sovereign immunity, mandamus relief was unavailable against state officials, abstention was required under the domestic relations doctrine, and that review of the state Family Court proceedings was precluded under the *Rooker-Feldman* and *Younger* doctrines. *See generally id.*

    On November 2, 2024, Plaintiff filed a response. *See* ECF No. 9. Plaintiff does not specifically engage with any of the defects previously identified by the Court. Instead, he has re-captioned the action to name "Judge Adele Alexis Harris" as Defendant, asking this Court, *inter alia*, to "[i]ssue a writ of mandamus compelling Judge Harris and related parties to comply with constitutional protections in their interactions with Plaintiff and his family" and for a writ "requiring Judge Harris to establish the authority under which she deprived Plaintiff of his parental rights." *Id.* at 3.[1] For context, Plaintiff alleges that Judge Harris was the Family Court

---

[1] The Court refers to the pages assigned by the Electronic Case Files system ("ECF"). Quotations from Plaintiff's papers omit all emphasis.

Support Magistrate who issued the custody and support orders he now seeks to challenge in this federal action. ECF No. 1 at 2 (Compl.).

To begin, Judge Harris is immune from suit. Because "it is clear that Support Magistrates act in a judicial capacity when presiding over child support proceedings," federal courts routinely dismiss claims (like those advanced here) against them. *See Gerken v. Gordon*, No. 24-cv-00435, 2024 WL 4608307, at *9 (N.D.N.Y. Oct. 29, 2024) (collecting cases).[2] Liberally construing his allegations, Plaintiff alleges nothing to suggest Judge Harris acted outside her judicial capacity or without jurisdiction in adjudicating his case. *Id.* at *8–9. Rather, he just disagrees with the Family Court's rulings. Accordingly, because "[P]laintiff's claims against Support Magistrate [Harris] concern conduct taken in h[er] capacity as a child support magistrate, [s]he is immune from suit pursuant to the doctrine of judicial immunity." *Id.* at *9–10 (recommending dismissal of claims against support magistrate based on judicial immunity).

In addition, Plaintiff asserts in response to the Order to Show Cause that certain "unalienable rights" have been violated by, in addition to Judge Harris, various individuals who appear to work for Child Protective Services or the police department. *See* ECF No. 9 at 1. These additional allegations do not get Plaintiff around the domestic relations abstention doctrine, as discussed in the Court's prior Order, *see* ECF No. 8 at 3, because even though he "frames his allegations in constitutional terms, his requested relief as a practical matter would have this Court review and overturn [the Family Court]'s decisions in the underlying . . . action." *See Evans v. Adams*, 714 F. Supp. 3d 119, 124 (E.D.N.Y. 2024); *accord Shaheed v. Waldeier*, No. 24-cv-915, 2024 WL 964930, at *2 (E.D.N.Y. Mar. 5, 2024) ("Although [the plaintiff] alleges Constitutional violations, the relief requested would infringe on the state court's greater

---

[2] Unless otherwise indicated, when quoting cases, all internal quotation marks, alteration marks, emphases, footnotes, and citations are omitted.

interest and expertise in resolving family court matters."). The Court must therefore abstain from hearing this case.

The Court will not provide Plaintiff with leave to amend the Complaint because amendment would be futile under these circumstances. *See Davila v. Arias*, No. 24-cv-02904, 2024 WL 4593499, at *2 (E.D.N.Y. Oct. 28, 2024) ("Because the domestic relations abstention doctrine precludes this Court's exercise of jurisdiction, any attempt to amend the complaint would be futile."); *Evans*, 714 F. Supp. 3d at 127 (denying leave to amend after dismissal pursuant to the domestic relations abstention doctrine); *Shaheed*, 2024 WL 964930, at *2 (same).

For the reasons explained above, the Court dismisses Plaintiff's Complaint without prejudice for lack of subject-matter jurisdiction and without leave to amend. The Clerk of Court is respectfully directed to enter judgment and to close this case. The Clerk of Court is further directed to mail a copy of this Order to the *pro se* Plaintiff and to note the mailing on the docket. (Plaintiff appears to use inconsistent addresses, one in Flushing and one in Manhattan, *see* ECF No. 1 at 3, 5; ECF No. 9 at 4, so the Clerk of Court is directed to mail this Order and accompanying judgment to both addresses.) The Court's staff is also sending this Order, through the District's electronic filing system, to the email address listed in Plaintiff's Complaint.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

*/s/ Hector Gonzalez*
HECTOR GONZALEZ
United States District Judge

Dated: Brooklyn, New York
November 5, 2024